UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Twin Cities Gaming Supplies, Inc.,

        Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2290 ADM/JJK

FortuNet, Inc. and Millennium
Games, Inc.,

        Defendants.

_____

Vanya S. Hogen, Esq., and Jessica Intermill, Esq., Jacobson, Buffalo, Magnuson, Anderson & Hogen, PC, St. Paul, MN, on behalf of Plaintiff.

Gary Hansen, Esq., and Tara Vavrosky Iversen, Esq., Oppenheimer, Wolff & Donnelly, LLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

On November 20, 2009, the undersigned United States District Judge heard oral argument on Defendants FortuNet, Inc. ("FortuNet") and Millennium Games, Inc.'s ("Millennium") (collectively "Defendants") Motion to Stay [Docket No. 3][1] and on Plaintiff Twin Cities Gaming Supplies, Inc.'s ("Twin Cities") Motion for Preliminary Injunction [Docket No. 25]. For the reasons stated herein, Defendants' Motion to Stay is denied and Twin Cities' Motion for Preliminary Injunction is denied.

## II. BACKGROUND

Twin Cities is a Minnesota corporation that sells pull tabs, bingo supplies, and electronic bingo equipment to Indian tribes and non-profit gambling organizations. Am. Compl. [Docket

---

[1] The Motion to Stay was filed by FortuNet, and Millennium later joined in the motion. See Notice of Joinder [Docket No. 30].

No. 24] ¶ 2.  Fortunet is a Nevada corporation that manufactures, distributes, leases, and licenses electronic bingo networks and equipment.  Id. ¶¶ 3, 7.  Millienium, also a Nevada corporation, is a wholly-owned subsidiary of FortuNet.  Def.'s Mem. in Resp. to Mot. for Prelim. Inj. [Docket No. 31] at 2 n.1.

In 2004, FortuNet subcontracted with Twin Cities to perform service work on one of FortuNet's equipment leases.  Am. Compl. ¶ 8.  In 2005, the relationship between the companies expanded, and Twin Cities began selling FortuNet equipment leases.  Id. ¶¶ 9-10.  Twin Cites performed the service work on all of the FortuNet leases it sold.  Id. ¶ 10.  Twin Cities alleges that FortuNet orally contracted to pay commissions to Twin Cities on the revenue generated by its sales efforts and service work.  Id. ¶ 12.

On May 1, 2009, FortuNet sent a letter notifying Twin Cities that as of April 30, 2009, it would no longer pay Twin Cites for service work on equipment leases with Indian tribes.  Id. ¶ 15; [Docket No. 27] Ex. 2 (May 1, 2009 Letter).  According to Twin Cities, it contacted FortuNet twice during the following weeks but representatives from FortuNet never returned the phone calls.  Rolland Aff. [Docket No. 12] ¶¶ 1, 8.  FortuNet denies that Twin Cities responded to the May 1, 2009 Letter.  See Itkis Aff. [Docket No. 21] ¶ 11.  Later that summer, Twin Cities retained counsel and, on August 11, 2009, hired a process server who drove to FortuNet's Las Vegas offices to serve a Minnesota state court summons and complaint.  Smith Aff. [Docket No. 13] ¶¶ 1-5.  FortuNet denies that the individual with whom the summons and complaint were left was authorized to receive service under the rules for service of process.  See Itkis Aff. ¶ 13.  A cover letter included with the August 11, 2009 delivery offered to extend the time in which FortuNet was required to answer the complaint if FortuNet agreed to begin settlement

negotiations by August 21, 2009.  Rolland Aff. ¶ 14.

On August 20, 2009, counsel for FortuNet contacted counsel for Twin Cities and disclosed that FortuNet had filed a complaint against Twin Cities in Nevada state court on August 19.  Hogen Aff. [Docket No. 14] ¶¶ 3-4.  On August 24, Twin Cities filed its Minnesota state court complaint with the Dakota County District Court and obtained a hearing date for a motion to enjoin FortuNet from proceeding with the action it had filed in Nevada several days earlier.  Intermill Aff. [Docket No. 15] ¶ 2.  FortuNet removed Twin Cities' Minnesota state court action to this Court on August 28, 2009 and, several days later, moved the Court for an order staying the action.  Notice of Removal [Docket No. 1]; Mtn. to Stay [Docket No. 3].  Meanwhile, Twin Cities filed a competing motion in this Court requesting that FortuNet be enjoined from proceeding with the Nevada Action, which has since been removed to federal district court in Nevada.  Itkis Aff. ¶ 13.

### III. DISCUSSION

The parties are in agreement that the resolution of Twin Cities Motion for a Preliminary Injunction[2] turns on the application of the "first-filed rule."  The rule provides that in cases of concurrent jurisdiction, *the first court in which jurisdiction attaches* has priority to consider the case.  See Keymer v. Mgmt. Recruiters, Int'l Inc., 169 F.3d 501, 503 n.2 (8th Cir. 1999); Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993); Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985).  Consequently, the first court in

---

[2] FortuNet's Motion to Stay requested that the Court stay this action "until the Nevada court determines whether it should decide this dispute or defer to the Minnesota Action."  Mtn. to Stay ¶ 10.  The parties have advised the Court that the Nevada federal court has issued its decision.  Accordingly, FortuNet's motion is moot.

which jurisdiction attaches has discretionary power to enjoin the parties from proceeding with a later filed action in another federal court.  Nw. Airlines, 989 F.2d at 1006.  However, the first-filed rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice."  Id. at 1005-07.

Twin Cities argues that despite the words, "first filed," the rule requires the Court to determine the date on which an action was "commenced," not the date on which it was "filed."  Twin Cities contends it commenced this action when it served[3] the Minnesota state court summons and complaint on FortuNet on August 11, 2009, whereas FortuNet did not commence the Nevada action until August 19, 2009, when it filed[4] its complaint in Nevada state court.  Therefore, Twin Cities maintains, because the Minnesota action was commenced first, it should be deemed the first filed and the Court should enjoin FortuNet from proceeding with the Nevada action.  FortuNet responds that "first filed" means "first filed," not "first commenced," and, thus, the fact that an action is "commenced" under Minnesota law on the date of service rather than the date of filing with the court is of no consequence to the application of the first-filed rule.

The issue raised by the interaction between the first-filed rule and a state law procedural rule, such as Minnesota's, allowing for commencement of an action by service of the summons and complaint without filing has been addressed by other courts.  In Illinois Blower, Inc. v. Deltak, L.L.C., the parties initiated parallel actions, one in Minnesota by a Minnesota company and the other in Illinois by an Illinois company.  No. 04 C 0341, 2004 WL 765187, at *1 (N.D. Ill. Apr. 7, 2004).  The Minnesota company commenced an action by serving the Illinois

---

[3] Rule 3.01 of the Minnesota Rules of Civil Procedure provides that "[a] civil action is commenced against [a] defendant . . . when the summons is served upon that defendant."

[4] Rule 3 of the Nevada Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."

company with a summons and complaint on January 13, 2004; the Illinois company filed an action in Illinois federal court three days later; and, a week and a half later, the Minnesota company filed its previously served summons and complaint in Minnesota state court—that action was later removed to Minnesota federal court. Id. In analyzing the issue, the court began:

> There has been a dispute among the District Courts of the Eighth Circuits as to what actions "establish jurisdiction" for purposes of the first filed rule. Though authority exists for both positions, most courts consider the act of filing, rather than service, as determinative under the first filed rule. . . . While the Eighth Circuit has not directly addressed the issue of when jurisdiction first attaches, it has referenced filing dates, as opposed to dates of service, when addressing the first-filed rule. . . . Though a close case, the majority of Eighth Circuit precedent dictates that jurisdiction does not attach until a complaint is actually filed, even if service was perfected prior to the filing of that complaint. Therefore, because [the Illinois] Complaint was filed prior to [the Minnesota] Complaint, [the Illinois complaint] was the first filed.

Id. at *2.

In Marietta Campbell Insurance Group, LLC v. Jefferson-Pilot Life Insurance Company, the federal district court in North Dakota was presented with a similar situation in which (1) a Minnesota company commenced an action by serving a North Dakota state court summons and complaint[5] on a North Carolina company on February 26, 2007; and (2) the next day, the North Carolina company filed an action against the Minnesota company in Minnesota federal court. Civil No. 2:07-cv-32, 2007 WL 3197311, at *1 (D.N.D. Oct. 26, 2007). The court held that "it is implied that it is the filing, not service, of a complaint that results in the attachment of jurisdiction." Id. at *2. Thus, the court ruled that because the Minnesota action was filed first, it took priority even though the North Dakota action had been properly commenced by service one day before the Minnesota action was filed. See id.

---

[5] Like in Minnesota, a civil action in North Dakota is commenced by the service of a summons. See N.D. R. Civ. P. 3 ("A civil action is commenced by the service of a summons.").

As the courts in both Illinois Blower and Marietta[6] aptly recognized, the pivotal issue is meaning of the phrase, "in which jurisdiction attaches," which the Eighth Circuit has not yet explained.  Clearly, the word, "[j]ursidiction . . . is a word of many, too many, meanings." Kontrick v. Ryan, 540 U.S. 443, 454 (2004) (quotation omitted).  The underlying assumption of Twin Cities' argument is that the phrase, "in which jurisdiction attaches," must be referring to jurisdiction over the parties.  Thus, it is argued that because service under Minnesota's rules commences an action and effective service establishes "jurisdiction over a defendant," see Egge v. Depositors Ins. Co., No. A07-150, 2007 WL 2703137, at * (Minn. Ct. App. Sept. 18, 2007) (citing Mercer v. Andersen, 715 N.W.2d 114, 118 (Minn. Ct. App. 2006)), jurisdiction attached in Twin Cities' Minnesota action before jurisdiction attached in FortuNet's Nevada action.  The Court is of the view, however, that if the Eighth Circuit had meant the phrase, "in which jurisdiction attaches," to refer specifically to jurisdiction over the parties, it would have done so expressly.  At a more basic level, "jurisdiction" means "[a] court's power to decide a case or issue a decree."  Black's Law Dictionary 567 (8th ed. 2004).  It is axiomatic that a court's power to act—its power to decide a case or issue a decree—does not attach unless and until an action has been filed with the court.

A hypothetical scenario described by Twin Cities illustrates the point.  Twin Cities explains that in Minnesota, a plaintiff can serve the defendant with a complaint, the defendant can answer, and the parties can exchange written discovery and conduct depositions without ever

---

[6] Twin Cities argues that Illinois Blower and Marietta are inapposite because the courts there did not "directly consider[] the effect that commencement of an action should have in the context of the first-filed rule."  Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. [Docket No. 23] at 9-10 n.53.  While it is true that Illinois Blower and Marietta did not specifically mention "commencement," the applicable test under the first filed rule is "'attachment' of jurisdiction," not commencement.  See Marietta, 2007 WL 3197311, at *2 (citing Nw. Airlines, 989 F.2d at 1005).

filing the action, so long as "they do not need a ruling from the court." See Pl.'s Reply in Supp. of Mot. for Prelim. Inj. [Docket No. 39] at 2 n.6.  As the hypothetical implicitly recognizes, if the parties in such a case (commenced by service under Minn. R. Civ. P. 3.01 but not filed) became entangled in a discovery dispute, they would first have to file the action with the court to invoke the court's jurisdiction to rule on the discovery dispute.  Absent filing of the action with the court, jurisdiction, the "power to decide a case or issue a decree," has not attached in that court.

Because the Court concludes that the Minnesota action commenced by Twin Cities is not entitled to priority under the first filed rule, the Motion for a Preliminary Injunction is denied.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion to Stay [Docket No. 3] is **DENIED** and the Motion for Preliminary Injunction [Docket No. 25] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 25, 2010.